UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:24-cr-00014-RLY-KMB |
| | ) | |
| THOMAS "TOM" H. STOUGHTON, | ) | -01 |
| a/k/a "Senior," | ) | |
| a/k/a "Tom Sr.," | ) | |
| PHILLIP HOLDEN, and | ) | -02 |
| PERCY CLARK, | ) | -03 |
| | ) | |
| Defendants. | ) | |

**PROTECTIVE ORDER**

Comes now, the United States of America, by counsel, on its unopposed motion for a Protective Order. In light of the confidential sensitive information that may be disclosed to the defendants pursuant to the government's discovery obligations, the United States' motion is **GRANTED**.

**IT IS HEREBY ORDERED:**

1. Any and all discovery material the United States produces to the defendants in discovery shall be reviewed by only the defendants, the defense team, and prospective trial witnesses. As used in this Protective Order, the term "defense team" shall include the attorneys of record, all of his/her employees who, during the normal course of their duties, may have access to the discovery, any defense agents, to include but not be limited to experts or other individuals retained to provide assistance in the above-captioned case. This Order contemplates all discovery tendered in the above-captioned case regardless of the date the discovery is provided.

2.  The defendants and the defense team shall ensure that the discovery material produced by the United States, and its contents, are used solely for judicial proceedings in this case, namely pretrial hearings, trial, sentencing, direct appeal (if any), and collateral attack (if any) and for no other purpose whatsoever. The defendants and the defense team shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure ("authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense but may not retain copies without prior permission of the Court.

3.  Upon notification and direction by the United States to defense counsel within 60 days following the conclusion of these proceedings, or any direct appeal (if any) from or collateral attack (if any) upon these proceedings, the discovery material disclosed by the United States and any duplicates made for the preparation, trial, direct appeal (if any), or collateral attack (if any) of this case shall be returned to the United States or destroyed by the defendants, unless the Court (or government) gives specific written permission for an exception to this requirement.

4.  Although discovery materials offered into evidence during a hearing or trial in this case may become public, they are subject to Rule 49.1 of the Federal Rules of Criminal Procedure.

5.  Nothing contained in this Protective Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

Dated: 3 APR 2024

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the Court's ECF system.