UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:24-cr-00014-RLY-KMB |
| THOMAS TOM H. STOUGHTON, | ) -01 | |
| PHILLIP HOLDEN, | ) -02 | |
| PERCY CLARK, | ) -03 ) | |
| Defendants. | ) | |

**ORDER**

The United States previously moved to declare this case complex and continue the trial date set for March 25, 2024. The court, having reviewed the motion (dkt 41) and finding good cause shown, GRANTED the continuance and **ORDERED** the trial date be **VACATED**. The matter was then scheduled for a telephonic scheduling conference for APRIL 23, 2024. Parties appeared by counsel; United States by AUSA Brad Shepard and AUSA Samantha Spiro; Defendant Stoughton by Jim Voyles; Defendant Holden by Sam Ansell, and Defendant Clark by Jonathan Bont.

This matter is now scheduled for trial by jury to commence on **APRIL 1, 2025 at 9:00 a.m.** in Room 349 of the Birch Bayh Federal Building and U.S. Courthouse before The Honorable Richard L. Young. The court will set aside the entire month of April for this trial.

The delay attributable to the changed trial date shall be excludable from the computations of time pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. §

1

3161(h)(7). The court finds that the interests of justice as stated in the motion for continuance are best served by the delay so that both the accused and the United States can receive a fair trial, and those interests outweigh the interests of the public and the defendants in a speedy trial in this case.

The court finds that the complexity of the case makes it unreasonable to expect adequate preparation for pretrial proceedings or for trial itself by a March 25, 2024 trial date, because, among other reasons stated in the motion:

(a) The Indictment alleges a multi-year fraud conspiracy consisting of multiple layers of interstate transactions;

(b) The anticipated evidence at trial is both varied and extensive, including electronic communications among alleged co-conspirators, various submissions to state entities, summary exhibits of multiple transactions, and multiple witnesses who would be traveling from outside the district;

(c) The amount and type of discovery is voluminous and varied, including millions of electronic documents, many productions in response to subpoenas, multiple electronic devices seized via search warrants, and records from over 150 witness interviews.

Additionally, even if the case were not so unusual or complex to fall within 18 U.S.C. § 3161(h)(7)(B)(ii), the court finds that the failure to grant a continuance in this case would deny counsel for the defendants and counsel for the government the necessary time for effective preparation taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Moreover, the court now **ADOPTS** the joint proposed discovery and motions schedule filed on March 15, 2024 (dkt. 45). Counsel for the

defendants and the defendants need additional time to effectively review discovery materials, prepare for trial, and file any pretrial motions.

**SO ORDERED** this 24th day of April 2024.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.